UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| David Lee Millbrooks, | ) | No. 6:24-cv-4864-JDA-BM |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | REPORT AND RECOMMENDATION |
| | ) | |
| Anna Barnett, Morgan Shankle, | ) | |
| Jonathan Garrett, Scotty Bodiford, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

David Lee Millbrooks ("Plaintiff"), proceeding pro se and in forma pauperis, brings this action under 42 U.S.C. § 1983. Plaintiff is a pretrial detainee and is presently incarcerated at the Greenville County Detention Center ("GCDC") on charges pending against him in the Greenville County Court of General Sessions. ECF No. 1 at 2, 4. Pursuant to the provisions of 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B), D.S.C., the undersigned United States Magistrate Judge is authorized to review such petitions for relief and submit findings and recommendations to the District Judge. For the reasons below, this action is subject to summary dismissal.

## BACKGROUND

Plaintiff makes the following allegations in his Complaint. ECF No. 1. Plaintiff contends Defendants have violated his rights under the Fourth, Sixth, and Fourteenth Amendments to the United States Constitution. *Id.* at 4. Plaintiff contends Defendant Barnett arrested him without due process. *Id.* He alleges Defendants Barnett and Garrett, who are identified as investigators, "entered false statements into warrant's affidavit." *Id.* at 5. According to Plaintiff, the warrants state that the investigators collected a statement from a witness who identified Plaintiff as the person who shot the victim and later left in a Grey Toyota Camry. *Id.* Plaintiff contends that other

1

witness statements do not show anyone ever identifying him as the person who allegedly shot the victim. *Id.* He contends that, at a preliminary hearing, Defendant Barnett lied under oath. *Id.* Plaintiff contends he has been incarcerated since December 20, 2021, "for nothing." *Id.* Defendant Scotty Bodiford is identified as the administrator of the GCDC, where Plaintiff is being held. *Id.* at 3. For his relief, Plaintiff asserts the following:

> Equitable relief after I was given declaratory relief having the Greenville County Sheriff's Department and Scotty Bodiford respect my 14th Amendment right as well as my lawyer. Then injunctive relief making sure these parties don't do this anymore to no one else.

*Id.* at 8.

Plaintiff has attached to his Complaint a copy of an arrest warrant at case number 2021A2330211747 as well as related documents and reports from the Greenville County Sheriff's Office. ECF No. 1-1. Defendant Anna R. Barnett is the affiant who sought the arrest warrant. *Id.* at 1. The arrest warrant was issued by the Honorable Seldon T. Peden on December 20, 2021. *Id.* The arrest warrant contains a notation that Plaintiff was served with the arrest warrant on December 20, 2021. *Id.*

Additionally, the Court takes judicial notice that Plaintiff has been charged with the following crimes in the Greenville County Court of General Sessions: murder at case number 2021A2330211746 and possession of a weapon during a violent crime at case number 2021A2330211747. *See* Greenville County Thirteenth Judicial Circuit Public Index, available at https://publicindex.sccourts.org/greenville/PublicIndex/PISearch.aspx (last visited Sept. 9, 2024) (search by case numbers listed above); *see also Philips v. Pitt Cnty. Mem. Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009) (explaining that courts "may properly take judicial notice of matters of public record"); *Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989) ("We note that 'the

most frequent use of judicial notice is in noticing the content of court records.'"). Plaintiff has been indicted on both of the charges (indictment number 2023GS2301893.

## STANDARD OF REVIEW

Plaintiff filed this action pursuant to 28 U.S.C. § 1915, the in forma pauperis statute, which authorizes the district court to dismiss a case if it is satisfied that the action "fails to state a claim on which relief may be granted," is "frivolous or malicious," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). Further, Plaintiff is a prisoner under the definition in 28 U.S.C. § 1915A(c), and "seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). Thus, even if Plaintiff had prepaid the full filing fee, this Court would still be charged with screening Plaintiff's lawsuit to identify cognizable claims or to dismiss the Complaint if (1) it is frivolous, malicious, or fails to state a claim upon which relief may be granted or (2) seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A.

Because Plaintiff is a pro se litigant, his pleadings are accorded liberal construction and held to a less stringent standard than formal pleadings drafted by attorneys. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). However, even under this less stringent standard, the pro se pleading remains subject to summary dismissal. The mandated liberal construction afforded to pro se pleadings means that if the Court can reasonably read the pleadings to state a valid claim on which Plaintiff could prevail, it should do so, but a district court may not rewrite a petition to include claims that were never presented, *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999), or construct Plaintiff's legal arguments for him, *Small v. Endicott*, 998 F.2d 411, 417–18 (7th Cir. 1993), or "conjure up questions never squarely presented" to the Court, *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). The requirement of liberal construction does not

3

mean that the Court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990).

Although the Court must liberally construe the pro se pleadings and Plaintiff is not required to plead facts sufficient to prove his case as an evidentiary matter in the Complaint, the Complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Francis v. Giacomelli*, 588 F.3d 186, 193 (4th Cir. 2009) (explaining that a plaintiff may proceed into the litigation process only when his complaint is justified by both law and fact). "A claim has 'facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Owens v. Baltimore City State's Attorneys Office*, 767 F.3d 379, 388 (4th Cir. 2014).

## DISCUSSION

The Complaint is filed pursuant to 42 U.S.C. § 1983, which "'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979)). A civil action under § 1983 "creates a private right of action to vindicate violations of 'rights, privileges, or immunities secured by the Constitution and laws' of the United States." *Rehberg v. Paulk*, 566 U.S. 356, 361 (2012) (quoting 42 U.S.C. § 1983). To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was

committed by a person acting under the color of state law.  *West v. Atkins*, 487 U.S. 42, 48 (1988).

The Complaint filed in this case is subject to dismissal for the reasons below.

### Defendant Shankle

First, Defendant Morgan Shankle, who is identified as Plaintiff's court appointed lawyer

is not a proper party to this action under 42 U.S.C. § 1983.  *See* ECF No. 1 at 3.  "[A] public

defender does not act under color of state law when performing a lawyer's traditional functions as

counsel to a defendant in a criminal proceeding."  *Polk Cnty. v. Dodson*, 454 U.S. 312, 317, 325

(1981); *see also Hall v. Quillen*, 631 F.2d 1154, 1156 (4th Cir. 1980) (concluding a court-

appointed attorney was entitled to dismissal of the plaintiff's § 1983 claim against him for want of

state action).  Plaintiff's court appointed lawyer is not a proper party to this § 1983 action because

he is not a state actor.  *See Curry v. South Carolina*, 518 F. Supp. 2d 661, 667 (D.S.C. 2007)

(explaining public defenders are not state actors under § 1983 and thus entitled to dismissal); *Quinn

v. Hayes*, No. 7:23-cv-06174-HMH-JDA, 2024 WL 498117, at *3 (D.S.C. Jan. 16, 2024)

(dismissing the plaintiff's claim against his attorney for lack of state action), *Report and

Recommendation adopted by* 2024 WL 497884 (D.S.C. Feb. 8, 2024).  Accordingly, Defendant

Shankle is entitled to dismissal from this action.

### Failure to State a Claim

To the extent Plaintiff is attempting to assert a claim under the Fourth Amendment for false

arrest, unlawful detention, and/or malicious prosecution, any such claim is without merit.[1]  The

---

[1] Plaintiff's claim is properly construed as one for malicious prosecution and not for false arrest.  "[T]here can be no claim for false arrest where a person is arrested pursuant to a facially valid warrant."  *Dorn v. Town Of Prosperity*, 375 F. App'x 284, 288 (4th Cir. 2010) (discussing difference between false arrest and malicious prosecution claims).  Here, the Public Index and arrest warrant attached to the Complaint show that Plaintiff was arrested pursuant to a facially valid warrant.  Accordingly, Plaintiff's claim is one for malicious prosecution.  In any case, Plaintiff's claim, however it is construed, is subject to dismissal for the reasons stated herein.

Fourth Amendment protects "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures." U.S. Const. amend. IV. Section 1983 actions premised on false arrest, false imprisonment, or malicious prosecution are analyzed as actions claiming unreasonable seizures in violation of the Fourth Amendment. *See, e.g., Brown v. Gilmore*, 278 F.3d 362, 367–68 (4th Cir. 2002) (recognizing that a plaintiff alleging a § 1983 false arrest claim needs to show that the officer decided to arrest him without probable cause to establish an unreasonable seizure under the Fourth Amendment); *Rogers v. Pendleton*, 249 F.3d 279, 294 (4th Cir. 2001) (stating claims of false arrest and false imprisonment "are essentially claims alleging a seizure of the person in violation of the Fourth Amendment"); *Lambert v. Williams*, 223 F.3d 257, 260 (4th Cir. 2000) ("What is conventionally referred to as a '§ 1983 malicious prosecution' action is nothing more than a § 1983 claim arising from a Fourth Amendment violation."). To state a § 1983 claim for a seizure violative of the Fourth Amendment, "a plaintiff must allege that the defendant (1) caused (2) a seizure of the plaintiff pursuant to legal process unsupported by probable cause, and (3) criminal proceedings terminated in plaintiff's favor." *Evans v. Chalmers*, 703 F.3d 636, 647 (4th Cir. 2012). Thus, "[t]he Fourth Amendment is not violated by an arrest based on probable cause." *Graham v. Connor*, 490 U.S. 386, 396 (1989). "[A]n indictment, fair upon its face, returned by a properly constituted grand jury, conclusively determines the existence of probable cause." *Durham v. Horner*, 690 F.3d 183, 189 (4th Cir. 2012) (internal quotation marks omitted); *see also Provet v. South Carolina*, No. 6:07-1094-GRA-WMC, 2007 WL 1847849, at *5 (D.S.C. June 25, 2007) (concluding that § 1983 claims of false arrest and malicious prosecution were precluded because of the issuance of an indictment). The record before the Court does not establish that Plaintiff was seized pursuant to legal process unsupported by probable cause. This is so because the Public Index—and Plaintiff's own allegations and

documents attached to his Complaint—shows that a warrant was issued for each of the charges against Plaintiff and he has not alleged facts to show that the warrants were unsupported by probable cause. Additionally, because Plaintiff was indicted on all the charges pending against him, the indictments conclusively determine the existence of probable cause as to those charges. Further, and critically, Plaintiff has failed to allege facts showing that any of the charges against him have been terminated in his favor. Because he has failed to show this favorable termination, his claims are without merit. The charges against Plaintiff of which he complains remain pending against him in the state court.

> Properly addressing such claims would launch this Court into speculation and could certainly result in restraining Plaintiff's underlying criminal prosecution. Such inquires should properly be left to the state courts at this time and Plaintiff may certainly raise these precise concerns in such a proceeding.

*Newsome v. Floyd*, No. 4:23-cv-03968-RBH, 2024 WL 1152614, at *2 (D.S.C. Mar. 18, 2024) (summarily dismissing the plaintiff's causes of action for malicious prosecution, false arrest, violation of due process, and fourth amendment violations). "To state a valid claim for malicious prosecution, [a plaintiff] must allege in his complaint that the charges resolved favorably to him. That cannot be alleged while the criminal charges are still pending . . ." *Deel v. McGrow*, No. 7:23-cv-00283, 2024 WL 2809349, at *3 (W.D. Va. May 31, 2024) (dismissing malicious prosecution claim).

### *Younger* Abstention

Further, the Court should abstain from hearing Plaintiff's claims as he seeks injunctive relief that would interfere with his state court criminal proceedings. The crux of this action appears to be a challenge to the charges pending against Plaintiff in the Greenville County Court of General

Sessions as well as his detention in the Greenville County Detention Center on those charges.[2] Plaintiff does not seek money damages and requests only declaratory and injunctive relief.

To the extent Plaintiff seeks release from custody, such relief is not available in this civil rights action. *See Heck v. Humphrey*, 512 U.S. 477, 481 (1994) (stating that "habeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release, even though such a claim may come within the literal terms of § 1983"); *Preiser v. Rodriguez*, 411 U.S. 475, 487–88 (1973) (explaining a challenge to the duration of confinement is within the core of habeas corpus). "Release from pretrial detention is simply not an available remedy in a § 1983 action." *El v. Fornandes*, No. 2:19-cv-3045-RMG-MGB, 2019 WL 7900140, at *4 (D.S.C. Nov. 22, 2019) (explaining a plaintiff cannot use § 1983 to get out of jail), *Report and Recommendation adopted by* 2019 WL 6712057 (D.S.C. Dec. 10, 2019).

Further, as Plaintiff seeks injunctive relief related to his pending state court criminal charges, such claims are not properly before this Court based on the *Younger* abstention doctrine. Liberally construed, the Complaint appears to assert that the pending state court criminal proceedings against Plaintiff are improper and violate his constitutional rights. Granting Plaintiff any injunctive or declaratory relief, however, would require this Court to interfere with or enjoin the pending state court criminal proceedings against him. As discussed below, because a federal court may not award relief that would affect pending state proceedings absent extraordinary circumstances, this Court should abstain.

---

[2] Plaintiff also complains about some of the conditions under which he is being held at GCDC, for which he states he has filed grievances, but his claims herein appear to relate only to his pending charges. If Plaintiff wishes to file a civil action relating to the conditions of his confinement, he should file an appropriate action after exhaustion of his administrative remedies.

In *Younger v. Harris*, 401 U.S. 37 (1971), the Supreme Court held that a federal court should not equitably interfere with state criminal proceedings "except in the most narrow and extraordinary of circumstances." *Gilliam v. Foster*, 75 F.3d 881, 903 (4th Cir. 1996) (en banc) (internal quotation marks omitted). The *Younger* Court noted that courts of equity should not act unless the moving party has no adequate remedy at law and will suffer irreparable injury if denied equitable relief. *Younger*, 401 U.S. at 43–44; *see also Sprint Commc'ns, Inc. v. Jacobs*, 571 U.S. 69, 72–73 (2013) (explaining the circumstances when *Younger* abstention is appropriate). From *Younger* and its progeny, the Court of Appeals for the Fourth Circuit has culled the following test to determine when abstention is appropriate: "[1] there are ongoing state judicial proceedings; [2] the proceedings implicate important state interests; and [3] there is an adequate opportunity to raise federal claims in the state proceedings." *Martin Marietta Corp. v. Md. Comm'n on Hum. Rels.*, 38 F.3d 1392, 1396 (4th Cir. 1994). Here, Plaintiff is involved in ongoing state court criminal proceedings, and Plaintiff asks this Court to award relief for alleged constitutional violations related to his pending criminal actions; thus, the first element is satisfied. The second element is satisfied for reasons the Supreme Court has explained: "[T]he States' interest in administering their criminal justice systems free from federal interference is one of the most powerful of the considerations that should influence a court considering equitable types of relief." *Kelly v. Robinson*, 479 U.S. 36, 49 (1986). The third element is also satisfied, as the Supreme Court has noted "that ordinarily a pending state prosecution provides the accused a fair and sufficient opportunity for vindication of federal constitutional rights." *Gilliam*, 75 F.3d at 903 (internal quotation marks omitted).

A ruling in Plaintiff's favor in this case would call into question the validity of the state court criminal proceedings against him and would significantly interfere with those ongoing state

proceedings. *See Younger*, 401 U.S. at 43–45; *Cinema Blue of Charlotte, Inc. v. Gilchrist*, 887 F.2d 49, 52 (4th Cir. 1989) ("[F]ederal courts should abstain from the decision of constitutional challenges to state action, however meritorious the complaint may be, 'whenever [the] federal claims have been or could be presented in ongoing state judicial proceedings that concern important state interests.'") (citation omitted); *Washington v. Tilton*, No. 2:10-cv-997-HFF-RSC, 2010 WL 2084383, at *1 (D.S.C. May 19, 2010). This Court finds that Plaintiff can adequately litigate his federal constitutional rights in the state court proceedings. Thus, this Court should abstain from adjudicating Plaintiff's claims, and his claims should be dismissed.[3]

## CONCLUSION AND RECOMMENDATION

In sum, Plaintiff has failed to allege facts to state a cognizable constitutional claim, and this action is therefore subject to summary dismissal. Therefore, IT IS RECOMMENDED that Plaintiff's Complaint be DISMISSED, without prejudice, pursuant to 28 U.S.C. §§ 1915 and 1915A without service of process and without leave to amend.[4]

s/Bristow Marchant
United States Magistrate Judge

September 9, 2024
Greenville, South Carolina

*Plaintiff's attention is directed to the important notice on the next page.*

---

[3] Because Plaintiff does not seek money damages and seeks only equitable and injunctive relief, dismissal of this action rather than a stay is appropriate under *Younger*. *See Vyas v. Morris*, No. 23-6625, 2024 WL 2874284, at *1 (4th Cir. June 7, 2024).

[4] The undersigned finds that any attempt to cure the deficiencies would be futile for the reasons stated herein. Accordingly, the District Court should dismiss this action without affording Plaintiff an opportunity to amend his Complaint. *See Workman v. Kernell*, No. 6:18-cv-00355-RBH-KFM, 2018 WL 4826535, at *2 n.7 (D.S.C. Oct. 2, 2018) (declining to grant an opportunity to amend where amendment would be futile); *see also Britt v. DeJoy*, 45 F.4th 790, 796 (4th Cir. 2022) ("[W]hen a district court dismisses a complaint or all claims without providing leave to amend . . . the order dismissing the complaint is final and appealable.").

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
250 East North Street, Suite 2300
Greenville, South Carolina 29601

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).